IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SEAN VICTOR STERLING, #43338-037      *
              Petitioner,
v.                     *   CIVIL ACTION NO. RDB-15-1338
                         (Related to CRIMINAL ACTION NO.
                    *    RDB-06-179)
ACTING WARDEN LAMINE N'DIAYE
              Respondent.     *
                     *****

## MEMORANDUM OPINION

On March 24, 2015, counsel filed a Motion to Vacate Conviction under 28 U.S.C. § 2241 on behalf of Sean Victor Sterling ("Sterling"), who is currently confined at the Federal Correctional Institution at Fairton, New Jersey.  The Motion is premised on the Supreme Court's March 5, 2014 decision in *Rosemond v. United States*, 134 S. Ct. 1240 (2014).[1]   On May 12, 2015, the Court directed the Government to file a response to the Motion.  After receiving an extension of time,[2] the Government filed a Memorandum in Opposition and Sterling filed a counseled Reply.  *See Sterling v. United States*, Civil Action No. RDB-11-3209 (D. Md.) at ECF Nos. 436 & 438.  The matter has

---

    [1]     *Rosemond v. United States*, 134 S. Ct. 1240 (2014) held that a person may only be convicted of aiding and abetting an offense for possessing, carrying, or using a firearm during and in relation to a drug trafficking or violent crime in violation of 18 U.S.C. § 924(c) when he or she actively participated in the underlying drug trafficking or violent crime with "advance knowledge" that a confederate would use or carry a gun during the crime's commission. *Id*. at 1243.  In effect, the Court held that the government must prove that an aider and abettor of criminal conduct participated with advance knowledge of the elements that constitute the charged offense. *Id*. at 1248-49.  "[T]hat means knowledge at a time the accomplice can do something with it—most notably, opt to walk away." *Id*. at 1249–50.  The statute at issue in *Rosemond,* 18 U.S.C. § 924(c), is a "double-barreled crime," requiring (1) using or carrying a gun while (2) engaging in a violent or drug trafficking offense. *Id*. at 1245.

    [2]     The Government's third Motion for Extension of Time remains pending and shall be granted *nunc pro tunc* effective September 14, 2015.  *See* ECF No. 435.

been fully briefed, the case is ready for review and may be determined without hearing.  *See* Local

Rule 105.6 (D. Md. 2014).

*BACKGROUND*

The facts and testimony from cooperating witnesses in the underlying criminal case showed

that Sterling participated in the May 28, 2001 murder of Kenyatta Harris and the June 26, 2001

murder of Angelo Stringfellow.  Sterling and his accomplices, including Corey Smith, Perry Austin,

and William DeShields, carried out the murders as part of a "contract" put on the lives of the victims

by Jermaine Bell, a Baltimore drug dealer affiliated with the R & G drug organization, because of a

"battle over some drug territory." The testimony of Corey Smith, Perry Austin, Linwood Smith,

Detective Coleman, and William DeShields presented evidence that Sterling discussed the murder

plan in advance of the crime, drove the shooters and the firearms to the murder scenes, helped locate

Harris and Stringfellow, provided transportation away from the crime scene after the shootings,

allowed the murder weapons to be stored in the sunroof of his silver Pathfinder truck before and

after the crimes, and helped to dispose of the murder weapon after the Stringfellow murder.

*PROCEDURAL HISTORY*

On February 7, 2008, Sean Victor Sterling was indicted under a sealed superseding

indictment.  *See United States v. Sterling*, Criminal No. RDB-06-179 (D. Md.) at Paper No. 146.

After an eight-day jury trial on December 3, 2008, he was convicted of two counts of possession of a

firearm in furtherance of a drug trafficking crime resulting in death, in violation of 18 U.S.C. §

924(j).   On February 19, 2009, he was sentenced to a cumulative term of 265 months of

confinement and a total of 5 years of supervised release.  *Id*. at ECF No. 264.  In addition, the Court

imposed a special assessment of $200.00.  *Id.*   Judgment was entered on February 23, 2009.   On

November 12, 2010, the United States Court of Appeals for the Fourth Circuit affirmed the

judgment.  *Id.* at ECF No. 335; *see also United States v. Sterling*, 401 Fed. Appx. 775 (4th Cir.

2010).

On November 9, 2011, a counseled Motion to Vacate and Set Aside Sentence pursuant to 28

U.S.C. § 2255 was filed on Sterling's behalf, raising grounds of ineffective assistance of counsel,

lack of a fair trial due to the prejudicial and hostile courtroom environment, absence of government

jurisdiction and violations under *Brady v. Maryland*, 373 U.S. 83 (1963).  *Id.* at ECF No. 372; *see*

*also Sterling v. United States*, Civil Action No. RDB-11-3209 (D. Md.).   After briefing by the

parties, the Court denied the Motion on February 13, 2013.  *Id.*, ECF Nos. 403 & 404.

*ANALYSIS*

Sterling seeks habeas corpus relief under § 2241, seeking vacatur of his conviction.  An

inmate may file a motion under § 2255 to collaterally attack the legality of his conviction or

sentence. 28 U.S.C. § 2255(a); *Davis v. United States*, 417 U.S. 333, 343 (1974).  But generally, a

prisoner may file a petition under § 2241 only to challenge the manner in which a sentence is

executed.  28 U.S.C. § 2241(c).  A prisoner must challenge the legality of his sentence under 28

U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the

legality of his detention." 28 U.S.C. § 2255(e); *see Rice v. Rivera,* 617 F.3d 802, 806–08 (4th Cir.

2010) (per curiam); *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(e); *see also*

*Farrow v. Revell,* 541 Fed. Appx. 327, 328 (4th Cir. 2013) (per curiam) ("A federal prisoner who

seeks to challenge the legality of his conviction or sentence generally must proceed pursuant to §

3

2255, while § 2241 petitions are reserved for challenges to the execution of the prisoner's sentence.")

(citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997).

Section 2255 is not inadequate merely because the inmate is unable to obtain relief under § 2255. *In re Vial*, 115 F.3d at 1194 n.5. Thus, § 2255 is not rendered inadequate because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. *Id.* (citing *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988)). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;

> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34.

The Government concedes that *Rosemond* announced a substantive rule that is retroactively applicable to cases on collateral review, "because it defines aiding and abetting…in a manner that creates the risk that individuals convicted prior to *Rosemond* were convicted of a non-existent offense."[3]  Sterling seeks habeas relief under § 2241 by means of the Savings Clause, because he

---

[3]     Assuming, without deciding, that the Government's position is correct, I observe that not one of the Courts of Appeals have determined whether *Rosemond* created a "new rule," but many imply that it does not. *See Goree v. Chapa*, 589 Fed.Appx. 275, 276 (5th Cir. 2015) (noting that the precedent under which the petitioner was convicted "was consistent with *Rosemond*"); *Rodriguez-Pena v. Werlich*, 610 Fed.Appx. 435, 436 (5th Cir. 2015) (same); *Berry v. Capello*, 576 Fed.Appx. 579, 592 (6th Cir. 2014) (noting that the "Supreme Court did not state whether the principles explained in *Rosemond* apply retroactively"); *United States v. Davis*, 750 F.3d 1186, 1192–93 (10th Cir. 2014) ("After *Rosemond*, a jury instruction on aiding and abetting § 924(c) should address the defendant's advance knowledge of the gun." (emphasis added)).

previously filed a § 2255 Motion, which was denied on the merits.  As the Government correctly observes, any attempt by Sterling to file a § 2255 Motion would be barred as a second or successive motion.  Thus, counsel has taken the § 2241 route in attacking Sterling's conviction.

Habeas counsel argues that Sterling's *Rosemond* claim meets all requirements under § 2255(e).  This Court disagrees.  Sterling does not satisfy the Savings Clause requirements of § 2255(e) as set out in *In re Jones*.  The evidence as culled from the transcripts provided by the Government show that Sterling knew that a gun would be used in the Harris and Stringfellow murders.  His conduct proven during the jury trial establishes his guilt under *Rosemond*.  Clearly, he aided and abetted the murder of two people and had "advanced knowledge" that firearms would be used during the crime.  He remains guilty of the crimes committed in this case and this Court concludes that Sterling's conduct was illegal at the time of his conviction.[4]

*CONCLUSION*

In light of the rulings of the Court, the instant Petition for habeas corpus relief will be

---

Further, nearly every district court to consider this issue has concluded that *Rosemond* did not create a "new rule." *See Cooper v. O'Brien*, 14cv112 (STAMP), 2015 WL 6085717 (N. D. W. Va. 2015); *Smith v. Warden*, No. 15-CV-515, 2015 WL 3827236, *3 (W.D. La. June 18, 2015) (noting that "the Supreme Court was clear that its *Rosemond* holding was directed by established precedent" (emphasis in original)); *Woods v. Wilson*, No. 15-623ADM/HB, 2015 WL 2454066, *5 (D. Minn. May 22, 2015) (concluding that "the holding in *Rosemond* does not represent a new rule of law"); *Nix v. United States*, No. 1:15–cv–79–LG, 2015 WL 2137296, *2–3 (S.D. Miss. May 7, 2015) (concluding that *Rosemond* is not retroactively applicable to cases on collateral review); *Moreno v. Snyder-Morse*, Civil Action No. 144-cv-106-HRW, 201 WL 82418 at *4 (E.D. Ky. Jan. 6, 2015) (same); *Montana v. Cross*, No. 3:14–cv–01019, 2014 WL 5091708, *3 (S.D. Ill. Oct. 10, 2014) (collecting cases that refuse to apply *Rosemond* retroactively). But *see United States v. Greene*, Nos. 14-C-431, 08-CR-124, 2015 WL 347833, *2 (E.D. Wisc. Jan. 23, 2015) (concluding that *Rosemond* applied retroactively to a § 2255 motion attacking a § 924(c) conviction).

[4]    In *United States v. Surratt*, 797 F.3d 240 (4th Cir. 2015), *rehearing en banc granted* (4th Cir. Dec. 2, 2015), the Fourth Circuit noted that that to apply *Jones* and § 2255(e), actual innocence must be demonstrated.

denied, and this case will be dismissed by separate Order. When a district court dismisses a habeas petition, a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see Miller–El v. Cockrell,* 537 U.S. 322, 336–38, (2003). Sterling does not satisfy this standard, and the Court declines to issue a Certificate of Appealability. A separate Order follows.


Date: <u>January 22, 2016</u>                         <u>            /s/                        </u>
                                                                RICHARD D. BENNETT
                                                                UNITED STATES DISTRICT JUDGE